**Marquis Aurbach Coffing**
Terry A. Moore Esq.
Nevada Bar No. 7831
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tmoore@maclaw.com
　Attorneys for William Croft

E-Filed: _____

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>MONIQUE RASHAY BROWN,<br><br>　　　　　　　　　　　Debtor. | Case No.:　　16-10050-LED<br>Chapter:　　　7<br><br>Hearing Date: January 12, 2016<br>Hearing Time: 11:00 A.M. |

**MOTION FOR ORDER DISMISSING DEBTOR'S PETITION PURSUANT TO 11 U.S.C. § 707(B) OR ALTERNATIVELY GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(4), WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(A)(3), AND FOR SANCTIONS AGAINST DEBTOR**

　　　　William Croft (hereinafter "Movant" or "Croft"), by and through his counsel of record, Terry A. Moore, Esq. of the law firm of Marquis Aurbach Coffing, hereby moves this Court for Dismissal of the Debtor's Petition Pursuant to 11 U.S.C. § 707(b), or alternatively for an Order Granting Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 (d)(4) to allow Croft to complete eviction proceedings against Debtor, Monique Rashay Brown (hereinafter "Debtor") on the following real property: 2275 S. Pioneer Way, Las Vegas, Nevada 89117 (the "Property").

　　　　This Motion is based upon the following grounds and the following reasons: (1) cause exists to dismiss this case under section 707(b) as the Debtor filed her bankruptcy petition in bad faith; alternatively (2) cause exists to terminate the stay under Section 362(d)(4)(B), as the Debtor has engaged in filing multiple bankruptcies for the sole purpose to hinder, delay or defraud the creditor and to prevent Debtor from being evicted.

　　　　In the event the automatic stay is terminated, creditor seeks a waiver of the 14-day stay of the order terminating the stay imposed by Bankruptcy Rule 4001(a)(3), as there is no legitimate reason to further postpone the eviction. Furthermore, Movant had been granted relief from the automatic stay for this property on December 23, 2015 in Debtor's first bankruptcy case, Case

No. 15-16063-LED ("First Bankruptcy Case"), Dkt. No. 30. Upon expiration of the 14-day stay of the Order, Debtor filed this bankruptcy petition, Case No. 16-10050-LED ("Second Bankruptcy Case") while the First Bankruptcy Case was open and pending to further hinder and delay Mr. Croft's attempt to reclaim the Property. Finally, because of the bad faith nature of the Debtor's repeated filings in this matter, creditor requests that the Court enter appropriate sanctions against the Debtor.

This Motion is based upon all the papers and pleadings on file herein as well as the papers and pleadings on file in Debtor's First Bankruptcy Case, the following Memorandum of Points and Authorities, together with such other and further evidence and argument as may be presented and considered by this Court at any hearing of the Motion, and any oral argument the Court may choose to hear on the Motion.

Dated this 8th day of January, 2016.

MARQUIS AURBACH COFFING

By   /s/ Terry A. Moore
Terry A. Moore Esq.
Nevada Bar No. 7831
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for William Croft

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **JURISDICTION.**

This Court has jurisdiction over this Motion Requesting Dismissal of the Bankruptcy Case, or alternatively Requesting Relief from the Automatic Stay pursuant to 28 USC §1334 and 11 USC §362. This Motion is made pursuant to 11 USC §707(b), 11 USC §362(d)(4), Bankruptcy Rules 4001(a) and 9014, and is based upon the Points and Authorities, and upon all of the records and pleadings on file herein and on file in Debtor's First Bankruptcy Case.

MAC:14193-001 2689689_1 1/8/2016 9:47 AM

## II. STATEMENT OF FACTS.

Movant is the owner of certain real property located at 2275 S. Pioneer Way, Las Vegas, Nevada 89117, which property is currently leased by Debtor. A copy of the lease agreement is attached hereto as **Exhibit "1"** and incorporated herein by reference. As stated in Movant's motion for relief from stay filed in Debtor's First Bankruptcy, Debtor is delinquent in pre-petition rents and in post-petition rent to Movant plus late fees, court costs and eviction fees. See Motion For Relief From Stay (Dkt. No. 17) and Declaration of William Croft (Dkt. No. 16) filed in Debtor's First Bankruptcy Case, Bankruptcy Case No. 15-16063-LED. Debtor has refused to pay the pre-petition and post-petition rent.

Furthermore, the Debtor filed the First Bankruptcy Case on October 23, 2015. In that case, the Court has granted Movant relief from the automatic stay for this Property on December 23, 2015. A copy of the Order is attached hereto as **Exhibit "2"** and incorporated herein by reference. Upon expiration of the 14-day stay of the Order and despite the First Bankruptcy Case still being open, Debtor filed her Second Bankruptcy Case to further hinder and delay Mr. Croft's attempt to reclaim the Property.

For the foregoing reasons, Movant respectfully requests that the Court dismiss the Second Bankruptcy Case, or alternatively terminate the Automatic Stay so as to allow Movant to continue with eviction proceedings against the Debtor, as well as Order the Debtor to pay Movant's reasonable attorneys fees for her willful abuse of the protections of the Bankruptcy Code solely to hinder Movant's eviction efforts.

## III. LAW AND ARGUMENT.

As stated above, Movant requests that the Court dismiss this Second Bankruptcy Case, or alternatively terminate the Automatic Stay for cause to permit Movant to continue with eviction proceedings against the Debtor. The Automatic Stay was terminated by this Court already in Debtor's First Bankruptcy Case. Cause exists to dismiss the Second Bankruptcy Case, or alternatively to terminate the Stay as the Second Bankruptcy Case was undeniably filed in bad faith and solely to avoid eviction after the expiration of the 14-day stay under FRBP 4001(A)(3).

The Second Bankruptcy Filing is solely an attempt to further frustrate and hinder Movant's attempt to repossess the Property.

    **A.    DEBTORS FILING OF A SECOND BANKRUPTCY CASE, WITH A PENDING BANKRUPTCY CASE STILL OPEN, DEMONSTRATES BAD FAITH AND AN ABUSE OF THE PROVISIONS OF THE BANKRUPTCY CODE SUCH THAT THE COURT SHOULD DISMISS THE SECOND BANKRUPTCY CASE.**

11 U.S.C. § 707(b) states that the Court may dismiss a debtor's case "if it finds that the granting of relief would be an abuse" of the protections of the Bankruptcy Code. Furthermore, Section 707(b)(3)(a) states that the Court should consider the debtor's filing of a petition in bad faith as an abuse of the protections of the Bankruptcy Code. In determining whether a bankruptcy was filed in bad faith, "a bankruptcy judge must review the totality of the circumstances." In re Ebell Media, Inc., 462 F. App'x 674, 675 (9th Cir. 2011).

The Debtor's actions of filing the Second Bankruptcy Case while having a bankruptcy case pending before this Court, and filing the Second Bankruptcy Case only after expiration of the 14 day stay on the Order for Relief from Stay in Debtor's First Bankruptcy Case clearly evidences a bad faith filing on the part of the Debtor. Debtor's only intention with the Second Bankruptcy Case was to attempt to put in place a second automatic stay to further hinder and delay the eviction process. Thus, Debtor's actions clearly show an abuse of the protections of the Bankruptcy Code and that the Second Bankruptcy Case was filed in bad faith. As such, this Court should dismiss this petition.

    **B.    ALTERNATIVELY, SHOULD THE COURT NOT DISMISS THIS PETITION, CAUSE EXISTS TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 USC §362(d)(4).**

11 USC §362(d)(4) requires relief from the Automatic Stay with respect to real property, which a Creditor has a secured interest in, upon a court finding that "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved …multiple bankruptcy filings affecting such real property."

Movant, as owner of the Property, has a valid security interest in the real property. Furthermore, Debtor filed her petition, commencing this Second Bankruptcy Case, while having a petition pending before this Court. Moreover, this petition was filed on January 7, 2016, the

MAC:14193-001 2689689_1 1/8/2016 9:47 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

day on which Debtor's eviction hearing was to proceed after expiration of the 14-day stay under FRBP 4001(A)(3). As the Debtor enjoyed all of the protections of the Bankruptcy Code on account of her First Bankruptcy Case, the only reason to file the Second Bankruptcy Case was to improperly attempt to reinstate a stay to again delay the eviction from the Property. Thus, the Second Bankruptcy Case is clearly part of a scheme to hinder, delay, *or* defraud Mr. Croft from recovering the Property. As such, cause exists for this Court to grant relief from the Automatic Stay under 11 USC §362(d)(4).

### C. WAIVER OF 14-DAY STAY PURSUANT TO FRBP 4001(A)(3) IS APPROPRIATE BECAUSE MOVANT HAS ALREADY WAITED 14-DAYS TO COMMENCE EVICTION PROCEEDINGS AFTER RECEIVING RELIEF FROM STAY ON DECEMBER 23, 2015 IN THE DEBTOR'S FIRST BANKRUPTCY.

Should the Court conclude that dismissal of the case is not appropriate, and grant relief from stay, creditor further requests that the Court waive the 14-day stay of order pursuant to FRBP 4001(a)(3) to allow creditor to pursue its contractual and state law rights and remedies with respect to the Property without further order of the Court. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure governs the stay of orders, and provides as follows:

> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.

In the instant case, there is no reason to further delay creditor's efforts to evict the Debtor from the Property. Creditor has already received relief from stay in Debtor's First Bankruptcy Case and waited the requisite 14 days under FRBP 4001(a)(3) to commence with the eviction process. Allowing the Debtor another 14 days to avoid eviction would be unjust towards the creditor given the Debtor's bad faith in filing this petition. Thus, Creditor is requesting an order from the court waiving the 14-day stay requirement set forth in Rule 4001(a), to allow creditor to proceed with the eviction of the Debtor from the Property, which under the unique circumstances presented above, is appropriate in this case.

MAC:14193-001 2689689_1 1/8/2016 9:47 AM

**D. DEBTOR SHOULD BE ORDERED TO PAY REASONABLE ATTORNEYS FEES TO MOVANT AS SHE INTENTIONALLY ABUSED THE PROTECTIONS OF THE BANKRUPTCY CODE BY FILING A SECOND BANKRUPTCY PETITION WITH THE SOLE ATTEMPT TO HINDER AND DELAY THE EVICTION PROCESS.**

This Court may impose appropriate sanctions against a Debtor who "[files multiple] bankruptcy proceedings unreasonably and vexatiously." In re Kinney, 51 B.R. 840, 846 (Bankr. C.D. Cal. 1985). Furthermore, "[i]t is well settled that this Court has inherent authority to assess attorney's fees and expense '[against parties] who willfully abuse judicial processes,' ...". In re Perez, 43 B.R. at 534 quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488.

It cannot be anymore clear that the Debtor filed her Second Bankruptcy Case for the sole purpose of abusing the bankruptcy process. The Debtor had a bankruptcy case pending before this Court in which the Movant was granted relief from stay to proceed with eviction. As soon as the 14-day stay of the relief from stay Order was up on January 7, 2016 Debtor filed her Second Bankruptcy Case. The sole reason for this filing was to subvert the Bankruptcy Court's ruling granting the creditor relief from Automatic Stay in the First Bankruptcy Case. On account of Debtor's vexatious and bad faith filings, the Movant has incurred attorneys fees and costs in the amount of $3,398.23. These fees and costs are solely a result of Debtor's willful abuse of the protections of the Bankruptcy Code and her bad faith filings. Therefore, the Debtor should be sanctioned and ordered to pay the Movant's reasonable attorneys fees and costs, in the amount of $3,398.23 for her actions.

**IV. CONCLUSION.**

Movant has demonstrated that Debtor filed the Second Bankruptcy Case in bad faith, solely to hinder, delay, or defraud Movant from recovering the Property. Movant has further shown that Debtor's bad faith filing is cause for dismissal of the Second Bankruptcy Case. Alternatively, Movant has shown that should the case not be dismissed, cause exists based upon Debtor's multiple bankruptcy filings to terminate the Stay to allow Movant to proceed with eviction proceedings against the Debtor. Additionally, Movant has incurred reasonable attorneys fees on account of Debtor's bad faith filings, for which the Debtor should be sanctioned and

Page 6 of 7

MAC:14193-001 2689689_1 1/8/2016 9:47 AM

ordered to pay Movant. Accordingly, Movant requests that this Court dismiss the Second Bankruptcy Case, or alternatively terminate the Automatic Stay imposed by 11 USC §362(a) and grant the following:

    1.    This Court find that Debtor's Second Bankruptcy Case was filed in bad faith solely to hinder, delay, or defraud Movant from proceeding with the eviction process;

    2.    This Court dismiss the Debtor's petition in accordance with 11 U.S.C. § 707(b) as the Debtor filed this petition in bad faith;

    3.    Alternatively, Relief from the Stay, as to the Debtor and the Bankruptcy estate pursuant to 11 USC §362(d)(4), allowing Movant (and any successors or assignees) to proceed under applicable non-bankruptcy law to enforce its remedies to evict Debtor and obtain possession of the Property at 2275 S. Pioneer Way, Las Vegas, Nevada 89117;

    4.    That the Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

    5.    That the fourteen (14) day Stay under Bankruptcy Rule 4001(a)(3) be waived;

    6.    For sanctions against Debtor in the amount of $3,398.23 to pay Movant's reasonable attorneys fees; and

    7.    For such other relief as this Court deems appropriate.

MARQUIS AURBACH COFFING

By   /s/ Terry A. Moore
Terry A. Moore Esq.
Nevada Bar No. 7831
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for William Croft

MAC:14193-001 2689689_1 1/8/2016 9:47 AM

# Exhibit 1

07/14/2015  20:50    3669930                              FG                                              PAGE  02/04

# Monthly Rental Agreement

THIS AGREEMENT, entered into this **2ND** day of **JUNE**, 20**15**, by and between **ENAS AND BILL CROFT**, hereinafter Lessor, and **PARNELL COLVIN SR. & MONIQUE RASHAY BROWN**, hereinafter Lessee.

WITNESSETH: That for and in consideration of the payment of the rents and the performance of the covenants contained on the part of Lessee, said Lessor does hereby demise and let unto Lessee, and Lessee hires from Lessor those premises described as: **Single Family Residence**, located at **2875 S PIONEER WAY LAS VEGAS NV 89117**

for a tenancy from month-to-month commencing on the **2ND** day of **JUNE**, 20**15**, and at a monthly rental of **SEVENTEEN HUNDRED FIFTY DOLLARS** Dollars ($**1750**) per month, payable monthly in advance on the **1st** day of each and every month, on the following TERMS AND CONDITIONS:

1. **Form of Payment.** Lessee agrees to pay rent each month in the form of one personal check, OR one cashier's check, OR one money order made out to **ENAS AND BILL CROFT**.

2. **Delivery of Payment.** Rent will be paid:
   ☒ in person, at **4110 W Desert Inn Rd. Las Vegas NV 89102**
   ☐ by mail, to _____

3. **Returned Checks.** If for any reason, a check used by Lessee to pay Lessor is returned without having been paid, Lessee will pay a charge of **Twenty Five Dollars** Dollars ($**25.00**) as additional rent AND take whatever other consequences there might be in making a late payment. After the second time a Lessee's check is returned, Lessee must thereafter secure a cashier's check or money order for payment of rent.

4. **Late Payments.** For any rent payment not paid by the date due, Lessee shall pay a late fee in the amount of **ONE hundred SEVENTY FIVE** Dollars ($**175**).

5. **Prorated First Month.** For the period from Lessee's move-in date **N/A** through the end of the month, Lessee will pay to Lessor a prorated monthly rent of _____ Dollars ($_____). This amount will be paid on or before the date the Lessee moves in.

6. **Occupants.** The said premises shall be occupied by no more than **2** adults and **5** children.

7. **Pets.** Pets shall not be allowed without the prior written consent of the Lessor. At the time of signing this lease, Lessee shall pay to Lessor, in trust, a deposit of **N/A** Dollars ($**0.00**), to be held and disbursed for pet damages to the Premises (if any) as provided by law. This deposit is in addition to any other security deposit stated in this lease. Any Lessee who wishes to keep a pet in the rented unit must sign a Pet Agreement Addendum.

8. **Parking.** Any parking that may be provided is strictly self-park and is at owner's risk. Parking fees are for a license to park only. No bailment or bailee custody is intended. Lessor is not responsible for, nor does Lessor assume any liability for damages caused by fire, theft, casualty or any other cause whatsoever with respect to any car or its contents. Snow removal is the responsibility of the car owner. Any tenant who wished to rent a parking space or garage must sign a Parking Space or Garage Rental Agreement.

9. **Ordinances and Statutes.** Lessee shall comply with all statutes, ordinances and requirements of all municipal, state and federal authorities now in force, or which may hereafter be in force, pertaining to the use of the premises.

07/14/2015    20:59    3569320                    FO                                    PAGE    03/04

10. **Repairs or Alterations.** Lessee shall be responsible for damages caused by his negligence and that of his family or invitees and guests. Lessee shall not paint, paper or otherwise redecorate or make alterations to the premises without the prior written consent of Lessor. All alterations, additions, or improvements made to the premises with the consent of Lessor shall become the property of Lessor and shall remain upon and be surrendered with the premises.

11. **Painting.** Lessor reserves the right to determine when the dwelling will be painted unless there is any law to the contrary.

12. **Keys.** Lessee will be given ___2___ key(s) to the premises and ___0___ mailbox key(s). If all keys are not returned to Lessor following termination of lease, Lessee shall be charged _two hundred dollars_____ Dollars ($_200_____).

13. **Locks.** Lessee agrees not to change locks on any door or mailbox without first obtaining Lessor's written permission. Having obtained written permission, Lessee agrees to pay for changing the locks and to provide Lessor with one duplicate key per lock.

14. **Upkeep of Premises.** Lessee shall keep and maintain the premises in a clean and sanitary condition at all times, and upon the termination of the tenancy shall surrender the premises to Lessor in as good condition as when received, ordinary wear and damage by the elements excepted.

15. **Assignment and Subletting.** Lessee shall not assign this Agreement or sublet any portion of the premises without prior written consent of Lessor.

16. **Utilities.** Lessee shall be responsible for the payment of all utilities and services, except _all utilities paid by Lessee_____, which shall be paid by Lessor.

17. **Default.** If Lessee shall fail to pay rent when due, or perform any term hereof, after not less than three (3) days written notice of such default given in the manner required by law, Lessor, at his option, may terminate all rights of Lessee hereunder, unless Lessee, within said time, shall cure such default. If Lessee abandons or vacates the property, while in default of the payment of rent, Lessor may consider any property left on the premises to be abandoned and may dispose of the same in any manner allowed by law.

18. **Security.** The security deposit in the amount of $__1700__, shall secure the performance of Lessee's obligations hereunder. Lessor may, but shall not be obligated to, apply all or portions of said deposit on account of Lessee's obligations hereunder. Any balance remaining upon termination shall be returned, without interest, to Lessee. Lessee shall not have the right to apply the security deposit in payment of the last month's rent.

19. **Right of Entry.** Lessor reserves the right to enter the demised premises at all reasonable hours for the purpose of inspection, and whenever necessary to make repairs and alterations to the demised premises. Lessee hereby grants permission to Lessor to show the demised premises to prospective purchasers, mortgagees, tenants, workmen, or contractors at reasonable hours of the day.

20. **Deposit Refunds.** The balance of all deposits shall be refunded within two (2) weeks (21 days in California and Wisconsin) from date possession is delivered to Lessor, together with a statement showing any charges made against such deposits by Lessor.

21. **Termination.** This Agreement and the tenancy hereby granted may be terminated at any time by either party hereto by giving to the other party not less than one full month's prior notice in writing.

22. **Attorney's Fees.** The prevailing party in an action brought for the recovery of rent or other moneys due or to become due under this lease or by reason of a breach of any covenant herein contained or for the recovery of the possession of said premises, or to compel the performance of anything agreed to be done herein, or to recover for damages to said property, or to enjoin any act contrary to the provisions hereof, shall be awarded all of the costs in connection therewith, including, but not by way of limitation, reasonable attorney's fees.

Page 2

07/14/2015    08:50    8659328    FO    PAGE 04/04

**23. Rules and Regulations.** Lessor's existing rules and regulations, if any, shall be signed by Lessee, attached to this agreement and incorporated into it. Lessor may adopt other rules and regulations at a later time provided that they have a legitimate purpose, not modify Lessee's rights substantially and not become effective without notice of at least two (2) weeks.

**24. Radon Gas Disclosure.** As required by law, (Landlord)(Seller) makes the following disclosure: "Radon Gas" is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in _____ N/A _____. Additional information regarding radon and radon testing may be obtained from your county public health unit.

**25. Lead Paint Disclosure.** "Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention."

**26. Additional Terms and Conditions.** House will be rented with all appliances, including, fridge, microwave oven, washer, dryer, heater, all pool equipment. Lessee is responsible for normal repairs up to $200.
This is two year lease starting June 2, 2015 and ending May 31, 2017.
Pool is inoperable and lessee accepts the pool in current condition. Rent has been adjusted taking condition of pool in consideration. Fire alarm has been repaired to lessee satisfaction and lessee's assumes responsibility during term of lease. Landscaping maintenance will be the responsibility of the lessee for the term of the lease.
Storage shed should remain locked and all content property of the lessor.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in duplicate the day and year first above written.

Signed in the presence of:

Witness: _____    Lessee: _____

Witness: _____    Lessor: _____

NOTICE: State law establishes rights and obligations for parties to rental agreements. This agreement is required to comply with the Truth in Renting Act or the applicable Landlord Tenant Statute or code of your state. If you have a question about the interpretation of legality of a provision of this agreement, you may want to seek assistance from a lawyer or other qualified person.

# Exhibit 2

_____
Honorable Laurel E. Davis
United States Bankruptcy Judge

Entered on Docket
December 23, 2015

**Marquis Aurbach Coffing**
Terry A. Moore, Esq.
Nevada Bar No. 7831
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tmoore@maclaw.com
  Attorneys for William Croft

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In Re: | Case No: 15-16063-LED |
|---|---|
| MONIQUE RASHAY BROWN, | Chapter: 7 |
| Debtor. | Hearing Date: December 22, 2015<br>Hearing Time: 2:00 p.m. |

### ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter having come on for hearing on the 22nd day of December, 2015, the Court noting that proper notice was given on the motion, and Terry A. Moore, Esq. of Marquis Aurbach Coffing appearing on behalf of Creditor, William Croft and Monique Rashay Brown, Debtor appearing Pro Se, and based upon the papers and pleadings on file herein, the motion, the oral arguments of counsel, and good cause appearing;

IT IS HEREBY ORDERED that the Motion for Relief from Automatic Stay is hereby granted.

MAC: 14193-001 2681315_1 12/22/2015 3:37 PM

IT IS FURTHER ORDERED that the automatic stay has been terminated to allow William Croft to proceed with the eviction of the Debtor from the property located at 2275 S. Pioneer Way, Las Vegas, Nevada 89117.

IT IS FURTHER ORDERED that the relief from stay is binding and in effect despite any potential conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code and despite any dismissal and refiling of bankruptcy proceedings.

IT IS FURTHER ORDERED that the fourteen (14) day stay as provided for under Bankruptcy Rule 4001(a)(3) is not waived.

Respectfully submitted by:

MARQUIS AURBACH COFFING

By /s/ Terry A. Moore
    Terry A. Moore, Esq.
    Nevada Bar No. 7831
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for William Croft

MAC: 14193-001 2681315_1 12/22/2015 3:37 PM

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

MARQUIS AURBACH COFFING

By /s/ Terry A. Moore
Terry A. Moore, Esq.
Nevada Bar No. 7831
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for William Croft

# # #

MAC: 14193-001 2681315_1 12/22/2015 3:37 PM